IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND MATHIS, #140252, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-CV-640-TMH |
| | ) [WO] |
| | ) |
| ANDY HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Raymond Mathis ["Mathis"], an indigent inmate and frequent litigant in this court, complains that officials at the Houston County Jail violated his constitutional rights when they confiscated his watch and later destroyed the watch as contraband.[1]  Specifically, Mathis alleges the actions of the defendants resulted from a conspiracy because jail officials will not discuss the loss of his watch with him. *Plaitniff's Complaint - Court Doc. No. 1* at 2.  He also  asserts the actions about which he complains are based on discrimination.  *Id*.  The plaintiff seeks declaratory relief and monetary damages from the defendants.  *Id*. at 4.

---

[1] Under all facets of Alabama law, a county sheriff and his jailers act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates sheriff as member of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.  The Conspiracy Claim

Mathis makes the specious allegation that the adverse actions about which he complains are the result of a conspiracy among the defendants.  A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations.  *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  The court has carefully reviewed the instant complaint.  At best, the assertions made by Mathis are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy between the defendants.  *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Other than his suppositious allegations, Mathis presents nothing, nor can this court countenance any evidence, to indicate that the defendants entered into a conspiracy to deprive him of his constitutional rights. In light of the foregoing, the court concludes that the plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

### B.  Equal Protection

Mathis makes the conclusory assertion that the defendants discriminated against him in the confiscation and destruction of his watch. Mathis, however, presents no facts in support of this allegation. Thus, this claim entitles Mathis to no relief.

In order to set forth a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of jail rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of jail officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Additionally, the mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Mathis utterly and completely fails to meet his pleading burden as he does not allege that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason. In short, Mathis sets forth no facts to support his allegation of an equal protection violation; rather, he simply makes the bare legal conclusion that the defendants discriminated against him. Moreover, to the extent Mathis attempts to base his discrimination claim on the mere differential treatment of inmates, the law is well settled

that such treatment fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Mathis' claim of discrimination does not rise to the level of an equal protection violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Confiscation and Destruction of Personal Property

The court construes the complaint to allege that the defendants denied Mathis due process when they confiscated and destroyed his watch. Nonetheless, under no set of facts has Mathis presented a constitutional violation with respect to the deprivation of his personal property.

> If the [watch] was not returned because of [the defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [the defendants] intentionally refused to return the [watch], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause ... if a meaningful postdeprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Mathis to seek redress for the loss of his watch. *Ala. Code* § 41-9-

60 *et seq*. Consequently, Mathis' allegation that the defendants violated his constitutional right to due process upon the confiscation/destruction of his watch, whether such was the result of negligence or an intentional act, entitles him to no relief from this court. This claim is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before August 25, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 13th day of August, 2008.

                                     /s/Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE